Essex County Circuit Court.

MIRIAM HOROWITZ, PLAINTIFF, v. GUARANTY BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, NEW JERSEY, DEFENDANT.

Decided March 24, 1933.

For the plaintiff, *George M. Eichler.*

For the defendant, *Charles Hood (John Warren,* of counsel).

WILLIAM A. SMITH, C. C. J. The complaint in this case is filed to recover the withdrawal value of two certificates covering five and ten shares, respectively, of the capital stock of the defendant association. After alleging the ownership of the two certificates, the complaint charges that on September 18th, 1931, the plaintiff gave written notice and demand to the defendant that she be paid the value of her shares, but no payment has been made, although more than six months elapsed since the date of the giving of such notice. The complaint then alleges the withdrawal value amounts to $1,959.39 and alleges that that is due and owing to the plaintiff.

The answer sets up numerous defenses directed to the propriety of present payment of the withdrawal values of the shares. The amended answer reserves the right to address a motion to the complaint as not setting forth a cause of action on various grounds.

This motion attacked the separate defenses on the ground that they were frivolous and insufficient in law, and the cause of action is verified by the plaintiff. No answering affidavits

are submitted, but in opposition to the plaintiff's motion the defendant alleges that the complaint is insufficient in law because it does not set out a cause of action, and therefore the defendant claims that on a motion to strike an answer as insufficient at law in opposition to the motion a party may urge the insufficiency of the earlier pleading, and that the earliest pleading that is insufficient must fall. There is therefore set up in opposition to this motion a claim that the complaint is insufficient at law to warrant a recovery, and the defendant is on this hearing entitled to have the question thus raised determined.

The real question presented for my consideration is whether or not the act of 1932, chapter 104, *Pamph. L.* 1932, *p.* 175, which amends section 52 of the Revision of the Building and Loan act of 1925, providing under what conditions withdrawals may be had, applies to the present cause of action.

The notice of withdrawal set up in the complaint was served on September 18th, 1931; the six-month period elapsed on March 18th, 1932; the act of 1932 took effect on April 22d, 1932, and this suit was started on June 8th, 1932. So we have here presented the question as to whether this 1932 act applies where the six-month period has elapsed before the act took effect, but where the act took effect before the actual starting of the suit.

By its wording the 1932 amendment applies to all actions commenced after it took effect, because by its concluding paragraph it provides: "A member who has filed a notice or request for withdrawal shall not have the right to sue any such association to recover the withdrawal value of his shares or such part thereof as may not be paid, so long as the funds in the treasury of such association are applied as required herein."

The very wording of the act directs its application to the time suit is instituted. It says that a member shall not have the right to sue so long as the funds in the treasury of the association are applied as required by the amendment. It is claimed that the act would be unconstitutional if applicable to a cause of action already accrued. Unless there can be no reasonable doubt that the act is unconstitutional, the better

practice is to sustain its constitutionality until it is passed upon by the appellate court. That there is this doubt is clearly shown by the determination of Judge Sooy in a somewhat similar situation in the case of *Fornataro* v. *Atlantic Coast Building and Loan Association,* 10 *N. J. Mis. R.* 1248; 163 *Atl. Rep.* 240.

The complaint fails to allege a cause of action under the 1932 amendment; namely, that under the application of the funds of the defendant pursuant to the 1932 amendment, the plaintiff is entitled to payment, or that the defendant has failed to disburse to the plaintiff the amount due her pursuant to the provisions of the 1932 amendment. The complaint is therefore insufficient in law and should be stricken out. This determination will place the question in controversy in a position to be immediately reviewed by the appellate court.